# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL DOCKET NO.: 5:03CR20

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ANTONIO TORRES GARCIA (1), ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on defense attorney's "Motion for Transcript," filed October 12, 2005.

On April 30, 2003, Defendant was charged by way of Bill of Indictment with conspiracy to possess with intent to distribute methamphetamine. On June 23, 2003, this Court appointed attorney H. Thomas Church to represent Defendant. A jury trial ensued on November 3, 2004. On November 4, 2004, Defendant failed to appear for the second day of his trial and a warrant was issued for his arrest. Despite his failure to appear, the Court permitted the jury to continue their deliberations and the jury returned a verdict of guilty against Defendant. Subsequently, on April 13, 2005, in light of his recent appointment to District Court Judge for the Twenty-Second Judicial District, Mr. Church filed a Motion to Withdraw as Counsel, which this Court granted on April 27, 2005. The Court then appointed attorney R. Locke Bell to represent Defendant during his sentencing. However, since Mr. Bell did not represent Defendant at trial and in light of the fact that the authorities have been unable to locate Defendant, Mr. Bell asks the Court to provide him with a copy of the transcript from Defendant's trial so that he can adequately represent Defendant at sentencing. The Government does not oppose this Motion.

1

"*Griffin v. Illinois* and its progeny establish the principle that the State must, as a matter of equal protection, provide indigent prisoners with the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners." *Britt v. North Carolina*, 404 U.S. 226, 227 (1971). One such tool that the State must provide to an indigent defendant is a transcript of prior proceedings when such transcript is needed for an effective defense or appeal. *United States v. Tyler*, 943 F.2d 420, 422 (4th Cir. 1991) (quoting *Britt*, 404 U.S. at 228; *United States v. Pulido*, 879 F.2d 1255, 1257 (5th Cir. 1989)). In fact, the Supreme Court has consistently recognized the value to a defendant of obtaining a transcript of prior proceedings without requiring a showing of need tailored to the facts of a particular case. *Britt*, 404 U.S. at 227-28. Two factors relevant to determining whether a defendant needs a transcript are: (1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought; and (2) the availability of alternative devices that would fulfill the same function as a transcript. *Britt*, 404 U.S. at 227.

In the instant case, the Court finds that a copy of the trial transcript is necessary for an effective defense during Defendant's sentencing. The value to Defendant in obtaining a copy of the trial transcript is significant in light of the fact that he is no longer represented by the attorney who assisted him during the trial. Moreover, there is no alternative device that would fulfill the same function as the transcript. Since defense counsel was not Defendant's attorney at the trial and has no prior knowledge of the trial, and in light of the fact that defense counsel cannot discuss the trial with Defendant, the transcript is essential in counsel's preparation for Defendant's sentencing.

**IT IS, THEREFORE, ORDERED** that defense counsel's "Motion for Transcript" is

hereby **GRANTED**.

The Clerk is directed to provide a copy of the transcript of Defendant's trial to defense counsel.

The Clerk is further directed to send a copy of this Order to defense counsel and to the United States Attorney.

**Signed: December 13, 2005**

Richard L. Voorhees
United States District Judge